UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| CAROLYN H. SRIVASTAVA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 1:11-cv-909-WTL-MJD |
| JAMES PAYNE, et al., | ) | |
| Defendants. | ) | |

**Entry and Order**

**I.**

The plaintiff's litigation in the federal courts has been aptly characterized as "baseless," "vexatious," and "delusional." *See Srivastava v. Marion County Election Bd.,* 2004 WL 2278744, at *2 (S.D.Ind. Sept.30, 2004); *see also Srivastava v. Daniels,* 2011 WL 558047 (7th Cir. Feb.17, 2011); *Srivastava v. City of Chicago,* 2011 WL 1375003, *2 (N.D.Ill. 2011); *Srivastava v. Daniels,* 2010 WL 2539451, *1 (N.D.Ind. 2010). Sadly, the action removed to this court and docketed as above shows no greater coherence of plausibility than have many others along this path.

**II.**

The importance of proceeding in an orderly, rational, coherent fashion is paramount. "District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense." *Hoskins v. Poelstra,* 320 F.3d 761, 762 (7th Cir. 2003) (citing *Rowe v. Shake,* 196 F.3d 778, 783 (7th Cir. 1999)). This is an action in which it appears appropriate to exercise that authority. The insufficiency of the complaint is precisely that which is chronicled in the most recent assessments by colleagues in the Northern Districts of both Illinois and Indiana. *Srivastava v. City of Chicago,* 2011 WL 1375003, *2 (N.D.Ill. 2011); *Srivastava v. Daniels,* 2010 WL 2539451, *1 (N.D.Ind. 2010).

The plaintiff will be given an opportunity in which to support the sufficiency of the complaint–meaning its plausibility–or to file an amended complaint which meets the pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*. She shall have **through August 8, 2011,** in which to do so. She may also file a notice of dismissal. If she intends to proceed, the plaintiff may be aided by recognizing: (1) "A complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1974 (2007)); and (2) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

### III.

Proceedings are **stayed** until the plaintiff responds to the directions issued in Part II of this Entry and the court acts on such response. Accordingly, any motion for extension of time [5] filed prior to the issuance of this Entry is **denied as moot**. The clerk shall also deny as moot any motion for enlargement of time filed while the stay is in effect.

### IV.

Any paper or filing containing a certificate of service or other portion setting forth the residential address of a federal judicial defendant shall be restricted within the clerk's filing system limiting access to "Case Participants and Court Users." That address shall then be redacted from the paper or filing and the material may be re-docketed as the redacted paper or filing.

### V.

Until Judge Hamilton appears by counsel, papers served on him shall be delivered to the Clerk, United States District Court, Room 105, 46 East Ohio St., Indianapolis, IN 46204.

**IT IS SO ORDERED.**

Date: 07/13/2011

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Carolyn H. Srivastava
3105 Lehigh Ct.
Indianapolis, IN 46268

Thomas E. Kieper
tom.kieper@usdoj.gov