# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

CAROLYN H. SRIVASTAVA,      )
                             )
        Plaintiff,       )
   vs.                     )           No. 1:11-cv-909-WTL-DKL
                             )
JAMES PAYNE, et al.,       )
                             )
        Defendants.   )

## Entry Discussing Post-Judgment Objection and Motion

Plaintiff has filed a motion to reconsider the dismissal of the action, together with her objection to the dismissal of the action. This filing, referred to hereafter as "the motion" or "the post-judgment motion," is accompanied by the plaintiff's proposed amended complaint. The portion of the post-judgment motion in which the plaintiff makes mention of a possible writ of habeas corpus has been addressed separately.

### I.

The motion pertains to the dismissal of the action on August 3, 2011, The action was dismissed because the plaintiff was unable to pursue it. This unusual impediment was placed on the plaintiff through the Amended Injunction issued on July 29, 2011, in No. 1:04-mc-104-SEB-DML because of the plaintiff's unabated pattern of abusive litigation. A copy of that Amended Injunction had been docketed in this case.

The motion was filed on August 8, 2011. This was followed with the filing of the plaintiff's notice of appeal on August 9, 2011.

"A notice of appeal deprives the district court of jurisdiction over the issues presented on the appeal." *Blue Cross and Blue Shield Ass'n v. American Express Co.*, 467 F.3d 634, 637 (7th Cir. 2006)(citing *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56 (1982)); *Kusay v. United States,* 62 F.3d 192, 193-94 (7th Cir. 1995). However, a district court retains jurisdiction to take additional action in aid of the appeal, such as denying Rule 60(b) relief on the merits, despite the pendency of an appeal. *Chicago Downs Ass'n v. Chase,* 944 F.2d 366, 370 (7th Cir. 1991); *Textile Banking Co. v. Rentschler,* 657 F.2d 844, 849-50 (7th Cir. 1981). Many cases, including *United States v. Cronic,* 466 U.S. 648, 667 n.42 (1984), say that a district court may deny, but not grant, a post-judgment motion while an appeal is pending. The post-judgment motion falls within the scope of such motions.

The date a post-judgment motion is filed is significant. *See Hope v. United States,* 43 F.3d 1140, 1142 (7th Cir. 1994). So too, of course, is the content of such motion. Given the timing of the plaintiff's motion, and given the arguments set forth in such motion, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure. See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

"Rule 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011).

The plaintiff does not dispute the existence of the Amended Injunction in No. 1:04-mc-104-SEB-DML or that the scope of the Amended Injunction easily embraces the present case. Honoring the Amended Injunction thus compelled the disposition of this case. What she does challenge, however, is the Amended Injunction itself. It makes no sense, either legally or factually, to challenge the Amended Injunction in one of the cases impacted by it. In any event, however, the challenge to the Amended Injunction set forth in the motion fails because it is not supported by a manifest error of law, nor does it present newly discovered evidence. Accordingly, the motion is denied.

**II.**

As noted, the motion is accompanied by the plaintiff's tendered amended complaint. The filing of an amended complaint was indeed contemplated in the Entry of July 15, 2011, but that was superseded by the Amended Injunction and of course the dismissal of the case. The Amended Injunction prohibits the plaintiff from proceeding in this action. Final judgment has been issued. The post-judgment motion has been denied. The proposed amended complaint is therefore of **no effect.** *See Figgie Int'l, Inc. v. Miller,* 966 F.2d 1178, 1179 (7th Cir. 1992) ("It is well settled that after a final judgment, a plaintiff may amend a complaint under Rule 15(a) only with leave of court after a motion under Rule 59(e) or Rule 60(b) has been made and the judgment has been set aside or vacated.").

**IT IS SO ORDERED.**

Date: 08/17/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Carolyn H. Srivastava
3105 Lehigh Ct.
Indianapolis, IN 46268

Vanessa Lynne Voigt
INDIANA ATTORNEY GENERAL
Vanessa.voigt@atg.in.gov

Lewis S. Wooton
LEWIS WAGNER LLP
lwooton@lewiswagner.com

Richard K. Shoultz
LEWIS WAGNER LLP
rshoultz@lewiswagner.com

Laura K. Binford
RILEY BENNETT & EGLOFF LLP
lbinford@rbelaw.com

Ted W. Nolting
RILEY BENNETT & EGLOFF LLP
tnolting@rbelaw.com

Brian D. Burbrink
WOODEN & MCLAUGHLIN LLP
bburbrink@woodmclaw.com

Douglas B. King
WOODEN & MCLAUGHLIN LLP
dking@woodmclaw.com

Matthew Mark Adolay
WOODEN & MCLAUGHLIN LLP
madolay@woodmclaw.com

Thomas E. Kieper
tom.kieper@usdoj.gov